UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| GENERAL SCIENTIFIC CORPORATION d/b/a Surgitel, | ) ) ) ) | |
| Plaintiff, | ) | Case No.: 19-cv-1666 |
| v. | ) ) ) | Judge: Reiss |
| ECLIPSE LOUPES AND PRODUCTS LLC | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## ORDER AND DEFAULT JUDGMENT

WHEREAS, this action was commenced on December 13, 2019 by the filing of the Summons and Complaint;

WHEREAS, Defendant failed to Answer or otherwise respond to the Complaint or otherwise defend this action;

WHEREAS, the Clerk of Court issued a Certificate of Default on April 30, 2020;

WHEREAS, Plaintiff filed a motion for default judgment; and

NOW THEREFORE, it is hereby **ORDERED**:

1.    That default judgment is ENTERED in favor of Plaintiff and against Defendant on Counts I-V of Plaintiff's Complaint.

**Findings**

2.    The Court HEREBY FINDS that:

(a)    Plaintiff is the owner of US Patent No. 8,047,684 (the "'684 Patent");

(b)     The '684 Patent is valid and enforceable;

(c)     Defendant's offering for sale and selling the product depicted in Exhibit B of the Complaint infringes Plaintiff's '684 Patent;

(d)     Plaintiff is the owner of the ECLIPSE trademark and Registration No. 4,857,739;

(e)     Defendant's use in commerce of Plaintiff's federally-registered trademark ECLIPSE constitutes trademark infringement and counterfeiting under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

(f)     Defendant's use in commerce of the ECLIPSE mark constitutes unfair competition, false advertising and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(g)     Defendant's use in commerce of the ECLIPSE mark constitutes trademark infringement and unfair competition under the Common Law of the State of New York; and

(h)     Defendant's infringement of Plaintiff's patent and trademark was willful.

## Injunction

3.     Pursuant to 35 U.S.C. § 283 and the equity jurisdiction of this Court, Defendant, and its officers, agents, employees, representatives, and all persons in privity therewith ~~CR~~, be permanently enjoined and restrained from infringing any of the claims of the '684 Patent, and are enjoined from offering for sale or selling the devices depicted in Exhibit B to the Complaint.

4.     That, pursuant to 15 U.S.C. § 1116, and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith ~~CR~~ be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display or advertising of head-

2

mounted lighting products for medical, dental and surgical applications, and related goods and services, the trademark ECLIPSE, or any other trademark which, alone or in combination with other words or symbols, is confusingly similar to, or colorably imitative of Plaintiff's ECLIPSE trademark.

## Destruction of Infringing Materials

*CR*

5.      That Defendant and its officers, agents, employees, or representatives, ~~and all persons in privity with them~~ be permanently enjoined and restrained from destroying, secreting or altering, and are hereby Ordered to deliver up to Plaintiff's counsel, Collen IP, 80 South Highland Avenue, Ossining, NY 10562, for the purpose of destruction thereof, pursuant to 15 U.S.C. § 1118, all dyes, molds, letterheads, advertising materials, labels, packages, containers, name plates, and any products in their possession bearing the mark ECLIPSE, either alone or in combinations with other words or symbols, or any colorable imitation thereof.

## Discontinuation and Transfer of Infringing Domain Name

*CR*

6.      That Defendant and its officers, agents, employees, or representatives, ~~and all persons in privity with them~~ be permanently enjoined and restrained from using Plaintiff's ECLIPSE mark, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, for use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant.

7.      In order to give practical effect to this permanent injunction, Defendant is hereby

3

Ordered to transfer the domain name www.eclipseloupesandproducts.com to Plaintiff's control within fifteen (15) days of receipt of this Order.

If Defendant, within fifteen (15) days after receiving this Order, does not transfer this domain name to Plaintiff's control, Plaintiff may serve this Order on the current Registrar of the domain name, and said Registrar is hereby Ordered to transfer the domain name to Plaintiff's control within thirty (30) days of receipt of this Order.

**Disclosure of Supplier of Infringing Goods**

8.      Within fifteen days (15) of receipt of this Order, Defendant shall disclose the name, address and email address of any supplier that provided Defendant with:  (a) any goods bearing the ECLIPSE mark; and (b) the goods identified in Exhibit B of the Complaint, by emailing same to Plaintiff's counsel at jlindenbaum@collenip.com.

**Damages Discovery**

9.      In order to determine the amount of damages, and/or to determine whether to elect to pursue statutory damages, Plaintiff shall be entitled to expedited discovery on the issue of damages, as set forth below.

a.      Within twenty-one (21) days of receipt of this Order, Defendant shall serve on Plaintiff complete and verified responses to the following Interrogatories, with respect to sales occurring only in the United States:

i. Interrogatory No. 1:  Identify the number of units of goods sold by Defendant bearing the ECLIPSE mark;

ii. Interrogatory No. 2:  Identify the total revenue received by Defendant for sales of

4

goods bearing the ECLIPSE mark.

     iii.  Interrogatory No. 3:  Identify the number of units of the products identified in Exhibit B to the Complaint that were sold by Defendant.

     iv.  Interrogatory No. 4:  Identify the revenue received by Defendant's sales of the products identified in Exhibit B to the Complaint.

     b.  Within twenty-one (21) days of receipt of this Order, Defendant shall serve on Plaintiff all documents within Defendant's possession that identify or reflect Defendant's sales of any goods bearing the ECLIPSE mark or sales of the goods identified in Exhibit B to the Complaint, including all relevant purchase orders, invoices, receipts, and company ledgers or spreadsheets that would reflect these sales and the receipt of this revenue.

**Entry of Final Judgment**

     10.    Following completion of Plaintiff's discovery on damages, Plaintiff shall submit to the Court a request for entry of Final Judgment, which shall include any demand by Plaintiff for damages, attorney's fees and costs.

**Service**

11.     Plaintiff shall serve a copy of this Order on Defendant by delivering same via US mail to the address identified below, and by email to the address identified below (which is the contact address listed on Defendant's website):

Eclipse Loupes and Products, LLC
550 Center Road
West Seneca, New York 14224
support@eclipseloupesandproducts.com.

So **ORDERED** this ___6ᵗʰ___ day of ___July___ , 2020

_Christne Reiss_

United States District Judge