UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

GENERAL SCIENTIFIC CORPORATION  )
d/b/a SURGITEL,                 )
                                )
        Plaintiff,              )
                                )
    v.                          )   Case No. 1:19-cv-1666
                                )
ECLIPSE LOUPES & PRODUCTS LLC,  )
                                )
        Defendant.              )

**ENTRY ORDER
GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
AND AWARD OF DAMAGES**
(Doc. 18)

This matter comes before the court on Plaintiff General Scientific Corporation's motion for entry of default judgment against Defendant Eclipse Loupes & Products LLC. On April 30, 2020, pursuant to Plaintiff's request, a Clerk's entry of default was issued based on Defendant's failure to appear or otherwise defend as required by law. On May 22, 2020, Plaintiff requested the entry of a default judgment as to Counts I through V of its Complaint, which the court granted on July 6, 2020 (the "Default Judgment Order"). In the Default Judgment Order, the court found that "Defendant's infringement of Plaintiff's patent and trademark was willful." (Doc. 17 at 2, ¶ h.)

The court ordered Defendant to respond to Plaintiff's discovery requests for information related to damages including the number of infringing units sold, the revenue from those sales, and documents supporting sales totals within twenty-one days of receipt of the Default Judgment Order. According to the declaration of Jeffrey A. Lindenbaum, Esq., Plaintiff's attorney, Defendant failed to respond to Plaintiff's damages-related discovery requests or otherwise respond to the court's Orders.

On August 17, 2020, Plaintiff moved for entry of final judgment and an award of damages in the amount of $100,000. Citing documents filed by the State of New York

which disclosed that Defendant was dissolved on August 20, 2020, Defendant's attorney filed a motion to withdraw on December 22, 2020, which the court granted on January 8, 2021.

Plaintiff contends that Defendant deprived it of an opportunity to pursue its claim for actual damages for trademark and patent infringement and requests statutory damages under the Lanham Act, which provides in relevant part:

> [T]he plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--
>
> > (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
> >
> > (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). "By providing for statutory damages, the Lanham Act envisions scenarios where the plaintiff would not be able to prove actual profits." *7-Eleven, Inc. v. Z-Eleven Convenience Store Inc.*, 2018 WL 1521859, at *5 (E.D.N.Y. Jan. 17, 2018); *see also Burberry Ltd. v. Euro Moda, Inc.*, 2009 WL 4432678, at *2 (S.D.N.Y. Dec. 4, 2009) ("The rationale for § 1117(c) is the practical inability to determine profits or sales made by counterfeiters."); 141 Cong. Rec. S12079-03, 1995 WL 470078, at *12085 (1995) ("The option to elect statutory damages in counterfeit cases ensures that trademark owners are adequately compensated and that counterfeiters are justly punished, even in cases where the plaintiff is unable to prove actual damages because, for example, the defendant engages in deceptive record-keeping.").

When a court finds that infringement was committed willfully, it has discretion to award statutory damages. *See Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1114 (2d Cir. 1986). "No proof of actual damages or, in fact, any damages, is necessary for the award of statutory damages." *Hollander Glass Tex., Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 559 (S.D.N.Y. 2018). To determine the appropriate

2

amount of damages, courts examine seven factors: (1) expenses saved and profits reaped by the defendant; (2) the plaintiff's lost revenues; (3) the trademark's value; (4) the deterrent effect on others; (5) whether the defendant's conduct was innocent or willful; (6) whether the defendant cooperated by providing records from which to determine the value of the infringing material produced; and (7) the potential for discouraging the defendant. *See Fitzgerald Publ'g Co.*, 807 F.2d at 1117.

With regard to the first and second factors, because Defendant failed to comply with the court's Order regarding post-judgment discovery, the number of years Defendant has been selling the infringing product, its expenses saved, and the profits it reaped cannot be ascertained with certainty. Plaintiff posits that Defendant began using Plaintiff's registered ECLIPSE mark on or about July 20, 2016, when Defendant secured the domain name www.eclipseloupesandproducts.com. *See* Doc. 22-3 at 2. In the alternative, Plaintiff asserts that Defendant began using the ECLIPSE mark when it registered the company name Eclipse Loupes and Products, LLC with the New York Secretary of State on June 12, 2018. *See* Doc. 19-2 at 2. On January 19, 2021, Plaintiff's Chief Executive Officer ("CEO"), Dr. Byung J. Chang, filed a redacted declaration wherein he detailed the annual number of units of Plaintiff's product sold and the approximate revenue such sales generate. Assuming Defendant sold the infringing product for two years, Plaintiff estimates that its sales would yield millions of dollars in lost revenues.

Regarding the third factor, Plaintiff claims that the value of its trademark supports its claim for damages because "the goods in question are used almost exclusively for medical and surgical purposes[.]" (Doc. 18 at 4.) As a result, the trademark "allows Plaintiff to designate the source of its goods and distinguish them from other products in the marketplace, ensuring to the medical professionals that such devices . . . meet[] certain quality standards." *Id.*

The fourth, fifth, and seventh factors favor the requested award of statutory damages because Plaintiff prevailed on its claim for willful infringement as a result of the entry of the default judgment. *See Golden Goose Deluxe Brand v. Aadct Off. Store*, 2020

WL 3167031, at *3 (S.D.N.Y. June 15, 2020) ("Trademark infringement is deemed willful by virtue of a defendant's default.") (internal quotation marks and alteration omitted). "A substantial award is necessary to discourage defendants from continuing to engage in their illicit conduct. In addition, defendants' willful misconduct and failure to appear in this litigation merit a finding that a slight damage award is unlikely to deter them from continuing their illegal business." *Id.* at 5 (internal quotation marks omitted).

In addition, Plaintiff's request for $100,000 in damages is within the range permitted by the statute, 35 U.S.C. § 1117(c)(2) (authorizing damages of up to $2,000,000 per mark) and is consistent with amounts awarded in other cases in which a defendant fails to provide damages-related discovery. *See, e.g., Gucci Am., Inc. v. MyReplicaHandbag.com*, 2008 WL 512789, at *4 (S.D.N.Y. Feb. 26, 2008) (awarding $100,000 per mark where "plaintiffs have only sketchy information about the defendants' actual sales figures and profits"); *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, 2007 WL 3287368, at *4 (S.D.N.Y. Nov. 7, 2007) ("Taking into account the defendants' failure to submit to this Court any documentation from which to determine damages, . . . $250,000 per mark is sufficient to compensate [plaintiff] for losses it suffered and to deter both the defendants and others from infringing on those marks in the future."); *Nike, Inc. v. Top Brand Co.*, 2006 WL 2946472, at *2 (S.D.N.Y. Feb. 27, 2006) (awarding $1,000,000 per mark where "Defendants have provided little evidence defining actual sales and profits throughout this litigation and have, in fact, taken steps to conceal information about their infringing activities from the plaintiffs").

Based on the foregoing, an award of statutory damages in the amount of $100,000 is "just" under 15 U.S.C. § 1117(c)(2).

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion for entry of final judgment and award of damages in the amount of $100,000. (Doc. 18.) It directs the Clerk of Court to issue a final judgment in Plaintiff's favor in this amount, together with costs of court.

SO ORDERED.

Dated this 22nd day of January, 2021.

Christina Reiss, District Judge
United States District Court